## Bernard v. Fleming.

*Certiorari.*

(Decided Jan. 11, 1911.   54 South. 515.)

*Certiorari; Judgment; Review; Grounds.*—Although a judgment was irregular and indefinite in failing to describe the contents and the value of the contents in a suit in detinue for a trunk and its contents, it was not absolutely void, and hence, it was not error to refuse to quash proceedings on review of them under a common law writ of certiorari.

APPEAL frm Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Common-law certiorari on the petition of Blanche Bernard against Evelyn Fleming to review a judgment. From a judgment declining to quash the judgment on certiorari, petitioner appeals. Affirmed.

As originally filed the complaint claimed for a trunk and contents. Before judgment the complaint was amended, setting out the contents of the trunk. After the amendment judgment was rendered as follows: "Judgment for plaintiff and against the defendant for one trunk and contents, or its alternate value of $100."

ALLEN & BELL, for appellant. The judgment was void under sections 3778-81, Code 1907, because it fails

to ascertain the contents of the trunk and their alternate value.—*So. W. Co. v. Johnson,* 85 Ala. 178; *Tate v. Murphree,* 80 Ala. 440; *Johnson v. McLeod,* 80 Ala. 433; *Jones v. Anderson,* 82 Ala. 302; s. c. 76 Ala. 428; *Townsend v. Brooks,* 76 Ala. 308. The matter of the issuance of common law certiorari is one of discretion, and no bond is required.—*Webb v. McPherson,* 38 Ala. 109; *Childress v. McGhee,* Minor 131. Common law certiorari was the proper remedy in this case.—*Glaze v. Blake,* 56 Ala. 379; *Cobb v. Johnson,* 87 Ala. 281; *Railway Co. v. Branon,* 96 Ala. 461; *Independent P. Co. v. Am. Press Assn.,* 102 Ala. 475.

A. Leo Oberdorfer, for appellee. The judgment was certainly not void, but if it may be criticised at all it was merely irregular.—*So. Warehouse Co. v. Johnson,* 85 Ala. 698. The question of jurisdiction does not enter into the case.—*Clem v. Wise,* 133 Ala. 409. Certiorari was not the proper remedy.—*A. G. S. v. Christian,* Oberdorfer's Alabama Justice Practice, 217.

MAYFIELD; J.—A judgment in detinue, if irregular in failing to ascertain and fix the alternate value of each article sued for, as required by law, is not so in such sense as to compel the judgment to be annulled or the proceedings to be quashed on hearing of common-law certiorari for such purpose, though the judgment might be reversed for that reason on appeal.

The judgment in this case was for a "trunk and its contents," or its alternate value, fixed at $100. The property was replevied by the defendant by the same description as that of the judgment. The amended complaint more particularly described the articles contained in the trunk, and therefore the description in the judgment and the alternate value could have been more minute, yet the judgment was not absolutely void, and

the city court did not err in declining to quash the proceedings in the justice or inferior court on the hearing of the common-law certiorari.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.